**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| LEON STAMBLER,<br><br>    Plaintiff,<br><br>    v.<br><br>JPMORGAN CHASE & COMPANY, et al.<br><br>    Defendants | CIVIL ACTION NO. 2:08-CV-204-DF-CE<br><br>JURY TRIAL DEMANDED |

### DEFENDANT BANCORPSOUTH, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 56

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Rule 56, Defendant BancorpSouth, Inc. hereby moves for an Order dismissing this case or in the alternative for summary judgment, on the ground that the Plaintiff's Original Complaint (the "Complaint") fails to state a claim upon which relief may be granted against BancorpSouth, a holding company.

**I.   INTRODUCTION**

On May 12, 2006, plaintiff Leon Stambler ("Plaintiff" or "Stambler") filed his Original Complaint for patent infringement against 29 defendants including BancorpSouth, Inc. in the Eastern District of Texas. Plaintiff accuses BancorpSouth, Inc. and numerous other defendants of infringing U.S. Patent Nos. 5,793,302 ("'302 patent"). In its Complaint, Plaintiff alleges that the defendants "have infringed and continue to infringe" the '302 patent "by provision of their respective secure online banking services, including but not limited to online bill pay and other secure funds transfer services." Complaint at ¶ 33.

To the contrary of those conclusory allegations, BancorpSouth, Inc. is a bank holding company that does not participate in any way in the secure online banking services, such as online bill pay or other secure funds transfer services, of its subsidiary and co-defendant, BancorpSouth Bank.[1]  Because BancorpSouth, Inc., as a holding company, does not own, operate or participate in the online banking service which is accused in this matter, the Plaintiff does not state a claim against BancorpSouth, Inc. upon which relief may be granted. Alternatively, summary judgment is appropriate as no genuine issue of material fact exists with regard to BancorpSouth, Inc.

## II. FACTUAL BACKGROUND

BancorpSouth, Inc. is a stock holding company that does not participate in any way in the online secure banking service.  Affidavit of Cathy Freeman in Support of Defendant BancorpSouth, Inc.'s Motion to Dismiss ("Freeman Aff.") ¶ 3, (attached hereto as Exhibit A). BancorpSouth, Inc. does not provide online banking services such as online bill paying or online secure funds transfer.  Freeman Aff. ¶¶ 3-5.  BancorpSouth, Inc. is not now and never has been an owner of the website www.bancorpsouthonline.com.  Freeman Aff. ¶ 5.  Moreover, BancorpSouth, Inc. is not involved in the day-to-day management of any of its subsidiaries, including BancorpSouth Bank.  Freeman Aff. ¶ 4.

## III. MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) and RULE 56.

BancorpSouth, Inc. moves to dismiss or in the alternative for summary judgment under Rules 12(b)(6) and 56.  Plaintiff's Complaint fails to state a claim upon which relief may be granted and should be dismissed pursuant to Rule 12(b)(6).  BancorpSouth, Inc. is a bank

---

[1] Co-Defendant BancorpSouth Bank, which does have physical locations in Texas, has not challenged personal jurisdiction and has filed an answer of this date.

2

holding company. As a holding company only, it does not engage in the provision of online banking services or online secure funds transfer services. See Freeman Aff. ¶¶ 3-5. BancorpSouth, Inc. has no involvement in the products or services which are accused by Plaintiff Stambler in this case.

There are no genuine issues of material fact and BancorpSouth, Inc. is entitled to judgment as a matter of law. In that a factual premise in naming the incorrect defendant is the sole basis for advancing this motion, no separate memorandum of authorities is required. The Court is simply asked to rule on this motion as is within the parameters of Fed. R. Civ. P. 12(b)(6) and 56.

## IV.  CONCLUSION

Plaintiff Stambler cannot state a claim upon which relief may be granted against BancorpSouth, Inc., a holding company, who has no involvement in the products or services accused in this case. No genuine issues of material fact exist and therefore, dismissal for failure to state a claim or on the basis of summary judgment is proper. For these reasons, this Court should dismiss this action as against BancorpSouth, Inc. under Rule 12(b)(6) or Rule 56.

Dated:  July 7, 2008               Respectfully submitted,

*/s/ Jennifer Parker Ainsworth*
Jennifer Parker Ainsworth
Texas State Bar No. 00784720
jainsworth@wilsonlawfirm.com
WILSON, ROBERTSON & CORNELIUS, P.C.
One American Center
909 ESE Loop 323, Suite 400
Tyler, Texas 75701
Telephone: (903) 509-5000
Facsimile: (903) 509-5092

ATTORNEYS FOR DEFENDANT
BANCORPSOUTH INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on this the 7th day of July, 2008.

*/s/ Jennifer Parker Ainsworth*_____
Jennifer Parker Ainsworth