IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LEON STAMBLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:08-cv-204 (DF/CE) |
| | ) | |
| JPMORGAN CHASE & CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**BANK OF TEXAS, N.A.'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Bank of Texas, N.A. ("Bank of Texas"), by and through the undersigned
counsel, hereby responds to Plaintiff Leon Stambler's ("Stambler's") First Amended Complaint
as follows, and any allegations or averments not specifically admitted herein are denied:

## I.    THE PARTIES

1.    **Complaint:**   Plaintiff LEON STAMBLER ("Stambler") is a citizen of the State
of Florida.  Stambler resides in Parkland, Florida.

**Answer:**        Bank of Texas is without knowledge or information sufficient to
admit or deny the allegations in this paragraph, and therefore they are denied.

2.    **Complaint:**   JPMORGAN CHASE & CO. is a Delaware corporation with its
principal place of business at 270 Park Avenue, 39th Floor, New York, New York 10017.
This Defendant does business in the State of Texas and in the Eastern District of Texas
through its Retail Financial Services operating segment and through its websites, including
but not limited to www.chase.com.  This Defendant has appeared and answered in this
lawsuit.

**Answer:**    Bank of Texas admits that JPMorgan Chase & Co. has filed an answer in this lawsuit.  Bank of Texas is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and therefore they are denied.

3.    **Complaint:**  JPMORGAN CHASE BANK, NATIONAL ASSOCIATION is a banking subsidiary of Defendant JPMorgan Chase & Co. with its principal place of business at 270 Park Avenue, New York, New York 10017.  This Defendant does business in the State of Texas and in the Eastern District of Texas and has appeared and answered in this lawsuit.

**Answer:**    Bank of Texas admits that JPMorgan Chase Bank, National Association has filed an answer in this lawsuit.  Bank of Texas is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and therefore they are denied.

4.    **Complaint:**  BANK OF AMERICA CORPORATION is a Delaware corporation with its principal place of business at Bank of America Center, 100 North Tryon Street, Charlotte, North Carolina 28255.  This Defendant does business in the State of Texas and in the Eastern District of Texas and has appeared and answered in this lawsuit.  Bank of America Corp. owns and operates the website www.bankofamerica.com.

**Answer:**    Bank of Texas admits that Bank of America Corporation has filed an answer in this lawsuit.  Bank of Texas is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and therefore they are denied.

5.    **Complaint:**  BANK OF AMERICA, NATIONAL ASSOCIATION is a banking subsidiary of Defendant Bank of America Corporation with its principal place of business at 100 North Tryon Street, Charlotte, North Carolina 28255.   This Defendant does

business in the State of Texas and in the Eastern District of Texas and has appeared and answered in this lawsuit.

**Answer:** Bank of Texas admits that Bank Of America, National Association has filed an answer in this lawsuit. Bank of Texas is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and therefore they are denied.

6. **Complaint:** CITIGROUP INC. is a Delaware corporation with its principal place of business at 399 Park Avenue, New York, New York 10022. This Defendant does business in the State of Texas and in the Eastern District of Texas and has appeared and answered in this lawsuit.

**Answer:** Bank of Texas admits that Citigroup Inc. has filed an answer in this lawsuit. Bank of Texas is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and therefore they are denied.

7. **Complaint:** CITIBANK, N.A. is a banking subsidiary of Defendant Citigroup Inc. with its principal place of business at 399 Park Avenue, New York, New York 10022. This Defendant does business in the State of Texas and in the Eastern District of Texas and has appeared and answered in this lawsuit. Citibank, N.A. owns and operates the website www.citibank.com.

**Answer:** Bank of Texas admits that Citibank, N.A. has filed an answer in this lawsuit. Bank of Texas is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and therefore they are denied.

8. **Complaint:** UBS FINANCIAL SERVICES INC. is a Delaware corporation with its principal place of business at 800 Harbor Boulevard, Weehawken, New Jersey 07086.

This Defendant does business in the State of Texas and in the Eastern District of Texas and has appeared and answered in this lawsuit.

      **Answer:**     Bank of Texas admits that UBS Financial Services Inc. has filed an answer in this lawsuit. Bank of Texas is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and therefore they are denied.

9.    **Complaint:**  WACHOVIA CORPORATION is a North Carolina corporation with its principal place of business at One Wachovia Center, 301 South College Street, Charlotte, North Carolina 28288. This Defendant does business in the State of Texas and in the Eastern District of Texas and has appeared and answered in this lawsuit. Wachovia Corporation owns and operates the website www.wachovia.com.

      **Answer:**     Bank of Texas admits that Wachovia Corporation has filed an answer in this lawsuit. Bank of Texas is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and therefore they are denied.

10.    **Complaint:**  WACHOVIA BANK, NATIONAL ASSOCIATION is banking subsidiary of Defendant Wachovia Corporation with its principal place of business at 301 South Tryon Street, Charlotte, North Carolina 28288. This Defendant does business in the State of Texas and in the Eastern District of Texas and has appeared and answered in this lawsuit.

      **Answer:**     Bank of Texas admits that Wachovia Bank, National Association has filed an answer in this lawsuit. Bank of Texas is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and therefore they are denied.

11.    **Complaint:**  WELLS FARGO & COMPANY is a Delaware corporation with its principal place of business at 420 Montgomery Street, San Francisco, California 94163. This

Defendant does business in the State of Texas and in the Eastern District of Texas and has appeared and answered in this lawsuit.  Wells Fargo & Company owns and operates the website www.wellsfargo.com.

       **Answer:**     Bank of Texas admits that Wells Fargo & Company has filed an answer in this lawsuit.  Bank of Texas is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and therefore they are denied.

12.     **Complaint:**  WELLS FARGO BANK, NATIONAL ASSOCIATION is a banking subsidiary of Defendant Wells Fargo & Co. with its principal place of business at 420 Montgomery Street, San Francisco, California 94163.  This Defendant does business in the State of Texas and in the Eastern District of Texas and has appeared and answered in this lawsuit.

       **Answer:**     Bank of Texas admits that Wells Fargo Bank, National Association has filed an answer in this lawsuit.  Bank of Texas is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and therefore they are denied.

13.     **Complaint:**  BANCORPSOUTH BANK is a banking subsidiary of Defendant BancorpSouth, Inc. with its principal place of business at One Mississippi Plaza, 201 South Spring Street, Tupelo, Mississippi 38804.  This Defendant does business in the State of Texas and in the Eastern District of Texas and has appeared and answered in this lawsuit. BancorpSouth Bank owns and operates the website www.bancorpsouthonline.com.

       **Answer:**     Bank of Texas admits that BancorpSouth Bank has filed an answer in this lawsuit.  Bank of Texas is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and therefore they are denied.

14. **Complaint:**    BOK FINANCIAL CORPORATION is an Oklahoma corporation with its principal place of business at Bank of Oklahoma Tower, P.O. Box 2300, Tulsa, Oklahoma 74192.  This Defendant does business in the State of Texas and in the Eastern District of Texas.    BOK Financial Corporation owns and operates the website www.bankoftexas.com.

**Answer:**    Bank of Texas admits that BOK Financial Corporation is an Oklahoma corporation with a principal place of business at Bank of Oklahoma Tower, P.O. Box 2300, Tulsa, Oklahoma.  Bank of Texas denies that BOK Financial Corporation does business in the State of Texas and in the Eastern District of Texas.  Bank of Texas admits that BOK Financial Corporation is listed as the owner of the domain name www.bankoftexas.com.  Bank of Texas denies the remaining allegations in this paragraph.

15. **Complaint:**    BANK OF TEXAS, N.A. is a banking subsidiary of Defendant BOK Financial Corporation with its principal place of business at 5956 Sherry Lane, Dallas, Texas 75225.  This Defendant does business in the State of Texas and in the Eastern District of Texas.

**Answer:**    Bank of Texas admits the allegations of the first sentence of ¶ 15 in part and denies the allegations in part.  Bank of Texas is a national banking association through a charter issued by the Office of the Comptroller of the Currency.  The corporate stock of Bank of Texas is wholly owned by BOK Financial Corporation.  Bank of Texas admits that its principal place of business is at 5956 Sherry Lane, Dallas, Texas 75225.  Bank of Texas admits that it does business in the State of Texas and within the Eastern District of Texas.

16. **Complaint:**    COMERICA INCORPORATED is a Delaware corporation with its principal place of business at Comerica Bank Tower, 1717 Main Street, Dallas,

Texas 75201.  This Defendant does business in the State of Texas and in the Eastern District of Texas and has appeared and answered in this lawsuit.  Upon information and belief, Comerica Incorporated owns and operates the website www.comerica.com.

> **Answer:**     Bank of Texas admits that Comerica Incorporated has filed an answer in this lawsuit.  Bank of Texas is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and therefore they are denied.

17.     **Complaint:**   COMERICA BANK is a banking subsidiary of Defendant Comerica Incorporated with its principal place of business at Comerica Bank Tower, 1717 Main Street, Dallas, Texas 75201.  This Defendant does business in the State of Texas and in the Eastern District of Texas and has appeared and answered in this lawsuit.

> **Answer:**     Bank of Texas admits that Comerica Bank has filed an answer in this lawsuit.  Bank of Texas is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and therefore they are denied.

18.     **Complaint:**   COMPASS BANCSHARES, INC. is a Delaware corporation with its principal place of business at 701 South 20th Street, Birmingham, Alabama 35233. This Defendant does business in the State of Texas and in the Eastern District of Texas and has appeared and answered in this lawsuit.

> **Answer:**     Bank of Texas admits that Compass Bancshares, Inc. has filed an answer in this lawsuit.  Bank of Texas is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and therefore they are denied.

19.     **Complaint:**   COMPASS BANK is a banking subsidiary of Defendant Compass Bancshares, Inc. with its principal place of business at 15 South 20th Street, Birmingham, Alabama 35233.  This Defendant does business in the State of Texas and in the

Eastern District of Texas and has appeared and answered in this lawsuit.  Compass Bank owns and operates the website www.compassbank.com.

      **Answer:**      Bank of Texas admits that Compass Bank has filed an answer in this lawsuit.  Bank of Texas is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and therefore they are denied.

20.    **Complaint:** FIRST HORIZON NATIONAL CORPORATION is a Tennessee corporation with its principal place of business at 165 Madison Avenue, Memphis, Tennessee 38103.  This Defendant does business in the State of Texas and in the Eastern District of Texas and has appeared and answered in this lawsuit.

      **Answer:**      Bank of Texas admits that First Horizon National Corporation has filed an answer in this lawsuit.  Bank of Texas is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and therefore they are denied.

21.    **Complaint:** FIRST TENNESSEE BANK NATIONAL ASSOCIATION is banking subsidiary of Defendant First Horizon National Corporation with its principal place of business at 4385 Poplar, Memphis, Tennessee 38117.  This Defendant does business in the State of Texas and in the Eastern District of Texas through, at least, its First Horizon Bank division. This Defendant has appeared and answered in this lawsuit.

      **Answer:**      Bank of Texas admits that First Tennessee Bank National Association has filed an answer in this lawsuit.  Bank of Texas is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and therefore they are denied.

22.     FIRST TENNESSEE NATIONAL CORPORATION is a Tennessee corporation with its principal place of business at 165 Madison Avenue, Memphis, Tennessee 38103.  This Defendant does business in the State of Texas and in the Eastern District of Texas through, at least, one or more websites, including but not limited to www.firsthorizon.com.  This Defendant has appeared and answered in this lawsuit.

**Answer:**      Bank of Texas admits that First Tennessee National Corporation has filed an answer in this lawsuit.  Bank of Texas is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and therefore they are denied.

23.     **Complaint:**    CULLEN/FROST BANKERS, INC. is a Texas corporation with its principal place of business at 100 West Houston Street, San Antonio, Texas 78205.  This Defendant does business in the State of Texas and in the Eastern District of Texas and has appeared and answered in this lawsuit.

**Answer:**      Bank of Texas admits that Cullen/Frost Bankers, Inc. has filed an answer in this lawsuit.  Bank of Texas is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and therefore they are denied.

24.     **Complaint:**    THE FROST NATIONAL BANK is a banking subsidiary of Defendant Cullen/Frost Bankers, Inc. with its principal place of business at 100 West Houston Street, San Antonio, Texas 78205.  This Defendant does business in the State of Texas and in the Eastern District of Texas and has appeared and answered in this lawsuit.  This Defendant owns and operates the website www.frostbank.com.

**Answer:**    Bank of Texas admits that The Frost National Bank has filed an answer in this lawsuit. Bank of Texas is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and therefore they are denied.

25.    **Complaint:**  GUARANTY FINANCIAL GROUP INC. is a Delaware corporation with its principal place of business at 1300 South Mopac Expressway, Floor 3N, Austin, Texas 78746.  This Defendant does business in the State of Texas and in the Eastern District of Texas and has appeared and answered in this lawsuit.

**Answer:**    Bank of Texas admits that Guaranty Financial Group Inc. has filed an answer in this lawsuit.  Bank of Texas is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and therefore they are denied.

26.    **Complaint:**  GUARANTY BANK is a banking subsidiary of Defendant Guaranty Financial Group, Inc. with its principal place of business at 1300 South Mopac Expressway, Austin, Texas 78746.  This Defendant does business in the State of Texas and in the Eastern District of Texas and has appeared and answered in this lawsuit.

**Answer:**    Bank of Texas admits that Guaranty Bank has filed an answer in this lawsuit.  Bank of Texas is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and therefore they are denied.

27.    **Complaint:**   PLAINS CAPITAL CORPORATION is a Texas corporation with its principal place of business at 5010 University Avenue, Lubbock, Texas 79413.  This Defendant does business in the State of Texas and in the Eastern District of Texas and has appeared and answered in this lawsuit.

**Answer:**        Bank of Texas admits that Plains Capital Corporation has filed an answer in this lawsuit.  Bank of Texas is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and therefore they are denied.

28.    **Complaint:**    PLAINSCAPITAL BANK is a banking subsidiary of Defendant Plains Capital Corporation with its principal place of business at 5010 University Avenue, Lubbock, Texas 79413.  This Defendant does business in the State of Texas and in the Eastern District of Texas and has appeared and answered in this lawsuit.  This Defendant owns and operates the website www.plainscapital.com.

**Answer:**        Bank of Texas admits that Plainscapital Bank has filed an answer in this lawsuit.  Bank of Texas is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and therefore they are denied.

29.    **Complaint:**    REGIONS FINANCIAL CORPORATION is a Delaware corporation with its principal place of business at 1900 Fifth Avenue North, Birmingham, Alabama 35203.  This Defendant does business in the State of Texas and in the Eastern District of Texas and has appeared and answered in this lawsuit.  This Defendant owns and operates the website www.regions.com.

**Answer:**        Bank of Texas admits that Regions Financial Corporation has filed an answer in this lawsuit.  Bank of Texas is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and therefore they are denied.

30.    **Complaint:**    REGIONS BANK is a banking subsidiary of Defendant Regions Financial Corporation with its principal place of business at 417 North 20th Street, Suite 1200, Birmingham, Alabama 35203.  This Defendant does business in the State of Texas and in the Eastern District of Texas and has appeared and answered in this lawsuit.

**Answer:**    Bank of Texas admits that Regions Bank has filed an answer in this lawsuit.  Bank of Texas is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and therefore they are denied.

## II.  JURISDICTION AND VENUE

31.  **Complaint:**    This is an action for infringement of two United States patents arising under 35 U.S.C. §§ 271, 281, and 284-285, among others.  This Court has subject matter jurisdiction of the action under Title 28 U.S.C. §1331 and §1338(a).

**Answer:**    Bank of Texas admits that the Complaint purports to state claims arising under the patent laws of the United States, Title 35 of the United States Code, and admits that this Court has subject matter jurisdiction over disputes arising under the patent laws of the United States, but denies that Plaintiff's Complaint states any valid claims.

32.  **Complaint:**    The Court has general and specific personal jurisdiction over each Defendant, and venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b).  Each Defendant has substantial contacts with the forum as a result of business conducted within the State of Texas and within this District.  Specifically, each Defendant maintains a physical presence within this District, including at least one banking location, and/or conducts business with customers residing in this District through its interactive website(s), which website(s) provide secure online banking services.  Additionally each Defendant has committed and continues to commit acts of patent infringement in this State and this District by operating a system for providing secure online banking, including online bill pay and other funds transfer services, to consumers in Texas and, particularly, the Eastern District.

**Answer:**    Bank of Texas denies that it has committed acts of patent infringement in this State and this District.  Bank of Texas admits that it has contacts with this

forum, and Bank of Texas does not contest the exercise of personal jurisdiction over it by the Court in this case.  Bank of Texas admits that venue is proper in this judicial district in this case. With respect to Bank of Texas, the remaining allegations in this paragraph are denied.  Bank of Texas is without knowledge or information sufficient to admit or deny the allegations in this paragraph with respect to the other defendants, and therefore they are denied.

## III.    **PATENT INFRINGEMENT**

33.    **Complaint:**  On August 11, 1998, United States Patent No. 5,793,302 ("the '302 patent") was duly and legally issued for a "Method for Securing Information Relevant to a Transaction."  A true and correct copy of the '302 patent is attached hereto as Exhibit "A."  On October 26, 1999, United States Patent No. 5,974,148 ("the '148 patent") was duly and legally issued for a "Method for Securing Information Relevant to a Transaction."  A true and correct copy of the '148 patent is attached hereto as Exhibit "B."  (The '302 and '148 patents are collectively referred to herein as "the patents-in-suit").  Stambler is the inventor and owner of all rights, title, and interest in and to the patents-in-suit and possesses all rights of recovery under them.

**Answer:**    Bank of Texas admits that U.S. Patent No. 5,793,302 ("the '302 patent") issued August 11, 1998, that what appears to be a copy of the '302 patent is attached to the First Amended Complaint as Exhibit A, and that the '302 patent is entitled "Method for Securing Information Relevant to a Transaction." Bank of Texas admits that U.S. Patent No. 5,974,148 ("the '148 patent") issued October 26, 1999, that what appears to be a copy of the '148 patent is attached to the First Amended Complaint as Exhibit B, and that the '148 patent is entitled "Method for Securing Information Relevant to a Transaction."  Bank of Texas denies that either the '302 patent or the '148 patent was dully and legally issued.  Bank of Texas is

without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and therefore they are denied.

34.     **Complaint:**     Defendants have infringed and continue to infringe, directly, contributorily, and/or through the inducement of others, the patents-in-suit by provision of their respective secure online banking services, including but not limited to online bill pay and other secure funds transfer services, in accordance with the claimed methods.

       **Answer:**     With respect to Bank of Texas, these allegations are denied.  Bank of Texas is without knowledge or information sufficient to admit or deny the allegations in this paragraph with respect to the other defendants, and therefore they are denied.

35.     **Complaint:**     Stambler has been damaged as a result of Defendants' infringing conduct.  Defendants are, thus, liable to Stambler in an amount that adequately compensates him for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

       **Answer:**     With respect to Bank of Texas, these allegations are denied.  Bank of Texas is without knowledge or information sufficient to admit or deny the allegations in this paragraph with respect to the other defendants, and therefore they are denied.

36.     **Complaint:**     Upon information and belief, Defendants are aware of the patents-in-suit, have knowledge of the infringing nature of their activities, have nevertheless continued their infringing activities, and their infringing activities have been and continue to be willful.  Specifically, the Chase, Bank of America, Citi, Wachovia, Wells Fargo, and Regions Defendants were previously provided written notice of the patents-in-suit.

       **Answer:**     Bank of Texas admits that it is aware of the '302 and '148 patents. Bank of Texas denies the remaining allegations in this paragraph that are directed to Bank of

Texas.  Bank of Texas is without knowledge or information sufficient to admit or deny the allegations in this paragraph that are directed to the other defendants, and therefore they are denied.

37.  **Complaint:**  Each Defendant's infringements of Stambler's rights under the patents-in-suit will continue to damage Stambler, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

**Answer:**  With respect to Bank of Texas, these allegations are denied.  Bank of Texas is without knowledge or information sufficient to admit or deny the allegations in this paragraph with respect to the other defendants, and therefore they are denied.

## AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise have, Bank of Texas asserts the following Affirmative Defenses:

### First Affirmative Defense
(Non-Infringement)

Bank of Texas does not infringe any valid claim of either the '302 patent or the '148 patent.

### Second Affirmative Defense
(Invalidity)

The '302 patent and the '148 patent are invalid for failure to satisfy one or more of the conditions of patentability specified in Parts II or III of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§102, 103, and 112 and/or for being otherwise in violation of one or more of the sections of Parts I, II, and III of Title 35 of the United States Code.

## Third Affirmative Defense
### (Laches)

Upon information and belief, Plaintiff is barred from asserting either the '302 patent or the '148 patent with respect to any alleged acts of infringement that occurred prior to the filing date of this lawsuit under the doctrine of laches.

## Fourth Affirmative Defense
### (Equitable Estoppel)

Upon information and belief, Plaintiff is barred from asserting either the '302 patent or the '148 patent under the doctrine of equitable estoppel.

**WHEREFORE,** Bank of Texas requests judgment as follows:

A.     That the Complaint be dismissed with prejudice.

B.     That U.S. Patent Nos. 5,793,302 and 5,974,148 are not infringed by any of Bank of Texas' activities or products;

C.     That U.S. Patent Nos. 5,793,302 and 5,974,148 are invalid;

D.     That Plaintiff be awarded no damages in view of the above-identified affirmative defenses;

E.     That Plaintiff, his agents and assigns be permanently enjoined from asserting any charge of infringement of U.S. Patent Nos. 5,793,302 and 5,974,148 against Bank of Texas, its agents, employees, successors and assigns;

F.     That, pursuant to 35 U.S.C. § 285, this is an exceptional case and accordingly Bank of Texas be awarded its reasonable attorneys' fees in maintaining this action and defending against Plaintiff's Complaint;

G.     That Bank of Texas be awarded its costs; and

H.     That this Court award Bank of Texas such other and further relief as the Court deems just and proper.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

### THE PARTIES

1.     Defendant Bank of Texas is an Oklahoma Corporation with a principal place of business at 5956 Sherry Lane, Dallas, Texas 75225.

2.     On information and belief, Plaintiff Leon Stambler is a citizen of the State of Florida and resides in Parkland, Florida.

### JURISDICTION AND VENUE

3.     These Counterclaims arise under the patent laws of the United States, 35 U.S.C. § et seq.  This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).  These Counterclaims also arise under 28 U.S.C. § 2201.

4.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 and because this is where Stambler filed the First Amended Original Complaint.

5.     As a result of Stambler's allegations, an actual and justiciable controversy has arisen between Bank of Texas and Stambler with respect to U.S. Patent No. 5,793,302 ("the '302 patent") and U.S. Patent No. 5,974,148 ("the '148 patent").

### COUNT I – DECLARATION OF INVALIDITY OF THE '302 PATENT

6.     Paragraphs 1-5 of Bank of Texas' Counterclaims are realleged and reincorporated by reference as if fully set forth herein.

7.     The '302 patent is invalid for failure to satisfy one or more of the conditions of patentability specified in Parts II or III of Title 35 of the United States Code, including, but not

limited to 35 U.S.C. §§102, 103, and 112 and/or for being otherwise in violation of one or more of the sections of Parts I, II, and III of Title 35 of the United States Code.

8.     Absent a declaration that the '302 patent is invalid, Stambler will continue to wrongfully assert the '302 patent against Bank of Texas in violation of the laws and contrary to the public policy of the United States of America, and will thereby continue to cause Bank of Texas irreparable injury and damage.

9.     By reason of the foregoing, there is an actual and justiciable controversy between Bank of Texas and Stambler, and Bank of Texas is entitled to a decree that the '302 patent is invalid.

### COUNT II – DECLARATION OF NON-INFRINGEMENT OF THE '302 PATENT

10.     Paragraphs 1-9 of Bank of Texas' Counterclaims are realleged and reincorporated by reference as if fully set forth herein.

11.     Bank of Texas has not and does not infringe any valid claim of the '302 patent.

12.     Absent a declaration that Bank of Texas does not infringe the '302 patent, Stambler will continue to wrongfully assert the '302 patent against Bank of Texas in violation of the laws and contrary to the public policy of the United States of America, and will thereby continue to cause Bank of Texas irreparable injury and damage.

13.     By reason of the foregoing, there is an actual and justiciable controversy between Bank of Texas and Stambler, and Bank of Texas is entitled to a decree that it does not infringe the '302 patent.

### COUNT III – DECLARATION OF INVALIDITY OF THE '148 PATENT

14.     Paragraphs 1-13 of Bank of Texas' Counterclaims are realleged and reincorporated by reference as if fully set forth herein.

15.     The '148 patent is invalid for failure to satisfy one or more of the conditions of patentability specified in Parts II or III of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§102, 103, and 112 and/or for being otherwise in violation of one or more of the sections of Parts I, II, and III of Title 35 of the United States Code.

16.     Absent a declaration that the '148 patent is invalid, Stambler will continue to wrongfully assert the '148 patent against Bank of Texas in violation of the laws and contrary to the public policy of the United States of America, and will thereby continue to cause Bank of Texas irreparable injury and damage.

17.     By reason of the foregoing, there is an actual and justiciable controversy between Bank of Texas and Stambler, and Bank of Texas is entitled to a decree that the '148 patent is invalid.

### COUNT IV – DECLARATION OF NON-INFRINGEMENT OF THE '148 PATENT

18.     Paragraphs 1-17 of Bank of Texas' Counterclaims are realleged and reincorporated by reference as if fully set forth herein.

19.     Bank of Texas has not and does not infringe any valid claim of the '148 patent.

20.     Absent a declaration that Bank of Texas does not infringe the '148 patent, Stambler will continue to wrongfully assert the '148 patent against Bank of Texas in violation of the laws and contrary to the public policy of the United States of America, and will thereby continue to cause Bank of Texas irreparable injury and damage.

21.     By reason of the foregoing, there is an actual and justiciable controversy between Bank of Texas and Stambler, and Bank of Texas is entitled to a decree that it does not infringe the '148 patent.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment to the Constitution of the United States of America, Bank of Texas hereby demands a trial by jury on all issues raised in this action that are so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Bank of Texas requests judgment as follows:

A.      That the Complaint be dismissed with prejudice.

B.      That U.S. Patent Nos. 5,793,302 and 5,974,148 are not infringed by any of Bank of Texas' activities or products;

C.      That U.S. Patent Nos. 5,793,302 and 5,974,148 are invalid;

D.      That Plaintiff be awarded no damages in view of the above-identified affirmative defenses;

E.      That Plaintiff, his agents and assigns be permanently enjoined from asserting any charge of infringement of U.S. Patent Nos. 5,793,302 and 5,974,148 against Bank of Texas, its agents, employees, successors and assigns;

F.      That, pursuant to 35 U.S.C. § 285, this is an exceptional case and accordingly Bank of Texas be awarded its reasonable attorneys' fees in maintaining this action and defending against Plaintiff's Complaint;

G.      That Bank of Texas be awarded its costs; and

H.      That this Court award Bank of Texas such other and further relief as the Court deems just and proper.

Dated: September 10, 2008

Respectfully submitted,


*/s/ Michael E. Jones*
Michael E. Jones (State Bar No. 10929400)
POTTER MINTON
A PROFESSIONAL CORPORATION
110 North College, 500 Plaza Tower
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846
*mikejones@potterminton.com*

Thomas K. Pratt
Michael L. Krashin
BANNER & WITCOFF, LTD.
10 S. Wacker Drive – Suite 3000
Chicago, Illinois 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001
*tpratt@bannerwitcoff.com*
*mkrashin@bannerwitcoff.com*

**Attorneys for Defendant**
**Bank of Texas, N.A.**


## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 10th day of September, 2008. Any other counsel of record will be served by first class U.S. mail on this same date.

*/s/ Michael E. Jones*
Michael E. Jones